UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIANNE GENTILE | : | |
| 5255 SPRINGDALE BLVD. | : | |
| HILLIARD, OHIO 43026 | : | |
| | : | |
| PLAINTIFF, | : | CASE NO. |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| | : | |
| CHIPOTLE MEXICAN GRILL, INC. | : | **COMPLAINT** |
| 1401 WYNKOOP STREET, SUITE 500 | : | |
| DENVER, CO 80202 | : | **JURY DEMAND ENDORSED** |
| | : | **HEREON** |
| DEFENDANT. | : | |
| | : | |

## PARTIES

Plaintiff, Julianne Gentile, complaining of Defendant alleges as follows:

1. Plaintiff is an individual citizen of the State of Ohio with an address at 5255 Springdale Blvd., Hilliard, Ohio.

2. Defendant is a Delaware corporation with a restaurant located at 1835 Hilliard-Rome Road, Hilliard, Ohio 43026.

3. Plaintiff was employed with Defendant beginning in June 2013 to December 13, 2013 as a Crew Member.

## JURISDICTION AND VENUE

4. Jurisdiction is based upon 28 USC § 1332(a) because no plaintiff shares a state of citizenship with any defendant and the amount in controversy exceeds the jurisdictional amount.

5. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 based upon the illegal acts of Defendant which occurred in the County of Franklin, State of Ohio.

## FIRST CLAIM FOR RELIEF: SEXUAL HARASSMENT (HOSTILE WORKING ENVIRONMENT) O.R.C. §4112.99

6. The allegations of the prior paragraphs are incorporated as if fully set forth below.

7. During the course of Plaintiff's employment with Defendant, a co-worker made sexual advances, remarks and engaged in sexual conduct including, but not limited to, showing pictures of his penis to the Plaintiff. The misconduct was hostile, offensive, intimidating and unwelcome.

8. Plaintiff informed Defendant of the misconduct.

9. Defendant failed to take prompt, effective remedial action.

10. A manager also made sexual advances, remarks and engaged in sexual conduct.

11. Defendant's actions, and response or lack thereof to Plaintiff's complaints was a violation of O.R.C. §4112.99.

12. Defendant's actions and response or lack thereof was intentional, deliberate or reckless and without regard for her legal rights in violation of O.R.C. §4112.99.

13. Defendant's actions and response or lack thereof was with malice and/or with reckless indifference of her rights and safety.

14. As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## SECOND CLAIM FOR RELIEF: RETALIATION O.R.C. §4112.99

15. The allegations of the prior paragraphs are incorporated as if fully set forth below.

16. Plaintiff notified Defendant of the misconduct.

17. Plaintiff's complaint(s) was a protected activity under O.R.C. §4112.99.

18. Defendant took adverse employment actions against the Plaintiff in retaliation for her complaints including, but not limited to, denying her a promotion.

19. Defendant unlawfully retaliated against Plaintiff in violation of O.R.C. §4112.99.

20. Defendant's reason(s) for the retaliation were a pretext for unlawful retaliation in violation of O.R.C. §4112.99.

21. Defendant's retaliation against Plaintiff was intentional, deliberate or reckless and without regard for her legal rights.

22. Defendant's retaliation against Plaintiff was willful, malicious, spiteful and with ill will and with a reckless disregard for her legal rights.

23. As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

### **THIRD CLAIM FOR RELIEF: NEGLIGENT RETENTION**

24. The allegations of the prior paragraphs are incorporated as if fully set forth below.

25. Defendant knew and/or should have known that certain employees had a propensity to engage in sexual harassment/misconduct and that these personal traits rendered them inappropriate candidates for the position they held with Defendant.

26. Defendant knew or should have known that certain employees were unfit as employees and/or supervisors so as to create a hazard to employees.

27. Defendant owed a duty of care to Plaintiff to protect her from sexual harassment/misconduct. Defendant's continued employment of certain employees constituted a breach of its duty of care owed to Plaintiff amounting to negligent retention.

28. In failing to promptly and effectively respond to the known instances of certain employees' inappropriate conduct toward Plaintiff, Defendant negligently retained them.

29. As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

### **FOURTH CLAIM FOR RELIEF: NEGLIGENT SUPERVISION**

30. The allegations of the prior paragraphs are incorporated as if fully set forth below.

31. Defendant owed a duty of care to Plaintiff to protect her from harassment/misconduct by certain employees. Defendant knew or should have known that these employees were unfit for the employment capacity in which they served creating a hazard to employees.

32. By failing to effectively respond to the known instances of certain employees' harassment/misconduct toward Plaintiff, Defendant negligently supervised them.

33. As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

### **FIFTH CLAIM FOR RELIEF: ASSAULT**

34. The allegations of the prior paragraphs are incorporated as if fully set forth below.

35. Through individual acts and/or individual statements and/or through the on-going conduct and statements of certain employees, Plaintiff has been placed in a state of reasonable fear of immediate intentional or reckless harmful and/or offensive touching.

36. Plaintiff has neither consented to nor welcomed the fear of touching.

37. Defendant knew or should have known that certain employees would engage in the aforementioned conduct. As a result of certain employees' unlawful conduct and statements, Plaintiff has been damaged.

38.	Defendant acted willfully and maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

39.	As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

## SIXTH CLAIM FOR RELIEF: BATTERY

40.	The allegations of the prior paragraphs are incorporated as if fully set forth below.

41.	Certain employees have engaged in intentional or reckless, harmful and/or offensive touching of the Plaintiff.  Defendant knew or should have known that these employees would engage in the aforementioned conduct.

42.	Plaintiff has neither consented to nor welcomed the touching.

43.	As a result of Defendant's unlawful conduct, Plaintiff has been damaged.

44.	Defendant acted willfully and maliciously, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights.

45.	As a direct and proximate result of Defendant's misconduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of future earnings, loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees and attorney's fees.

**WHEREFORE**, Plaintiff prays as to Defendant as follows:

(a)	That this Court award such equitable relief as is proper as compensation for the loss of Plaintiff's opportunity to engage in gainful employment, including relief in the form of front pay;

(b)	That this Court award Plaintiff compensation for her adverse health effects, for the loss of her opportunity to engage in gainful employment, and future earnings, lost earning capacity and for humiliation,

   embarrassment, loss of reputation, loss of self-esteem, adverse health and for emotional distress;

(c)  That this Court award Plaintiff all lost wages and benefits;

(d)  That this Court award Plaintiff punitive damages;

(e)  That this Court award Plaintiff reasonable attorney's fees, expert's fees and the costs of this action;

(f)  That this Court award pre-judgment and post-judgment interest and;

(g)  That this Court grant Plaintiff such other and further relief as may be just and equitable.

          Respectfully submitted,


          /s/Rayl L. Stepter
          Rayl L. Stepter (0047505)
          200 East Campus View Blvd., Suite 200
          Columbus, Ohio  43235
          (614) 468-4100
          Fax:  (614) 468-4101
          Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

          /s/Rayl L. Stepter
          Rayl L. Stepter
          Trial Attorney for Plaintiff