THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIANNE GENTILE, | : | Case No. 2:14-CV-01067-GLF-MRA |
| | : | |
| Plaintiff, | : | JUDGE FROST |
| | : | |
| -v- | : | MAGISTRATE JUDGE ABEL |
| | : | |
| CHIPOTLE MEXICAN GRILL, INC. | : | **CONFIDENTIALITY AGREEMENT** |
| | : | **AND PROTECTIVE ORDER** |
| Defendant. | : | |
| | : | |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Julianne Gentile and Defendant CMG Service Co., LLC (referred to herein individually as "the Party," and collectively as "the Parties") move for an entry of a Stipulated Confidentiality Agreement and Protective Order pursuant to Federal Rule of Civil Procedure 26(c), whereby the Party has agreed to produce certain confidential business and personal records and other confidential information (collectively "Confidential and Proprietary Information"), subject to the terms of this Order.

Confidential and Proprietary Information may include, but is not specifically limited to, the following types of documents and/or information:

1. Documents containing Plaintiff's personal (including, but not limited to, her social security number), educational, medical, employment, and/or financial information;

2. Documents containing Chipotle's private, confidential, and/or proprietary information with regards to policies, and practices including, but not limited to, benefits, confidential communications, and/or investigation notes;

3. Documents or information regarding Chipotle's business practices, and/or other competitive information not otherwise publicly available;

4. Documents or information containing Chipotle's private, confidential, and/or proprietary financial figures and/or insurance coverage; and

5. Documents that contain personal and highly confidential information about past or present employees of Chipotle.

6. When documents cease to be secret and confidential there is no longer a requirement to preserve confidentiality. No documents that are publicly available can be stamped as confidential, such as documents filed with government agencies but available under the Freedom of Information Act or similar laws, annual reports of public corporations, and other similar information.

Fed. R. Civ. P. 26(c) provides for the issuance of an Order such as this limiting the disclosure and use of information and documents for good cause, and the Court finds such good cause exists based on the foregoing.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Court finds that the release of the foregoing information and/or documentation to parties outside this litigation could result in wrongful disclosure of Plaintiff's, Defendants', and/or third parties' Confidential and Proprietary Information. The Parties have a reasonable expectation of confidentiality with regard to their Confidential and Proprietary Information.

2. The confidential treatment of Confidential and Proprietary Information, as provided below, may be claimed by either Party for documents, information and/or any portion or summary thereof produced by that Party to the other Party falling into the categories listed above during pretrial discovery in this lawsuit. The Party claiming a document or information is Confidential and Proprietary Information shall designate it in the following manner:

    a. By imprinting the word "CONFIDENTIAL" on the pages of any document produced;

    b. By imprinting the word "CONFIDENTIAL: ATTORNEY EYES ONLY," or "CONFIDENTIAL: FOR COUNSEL ONLY" on the face of any document the party believes should be treated as confidential.

    c. It is sufficient to stamp "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEY EYES ONLY" on the first page of a multi-page document along with the wording "IN ITS ENTIRETY" to designate the entire document as confidential.

    d. No pleadings may be filed under seal with the Court and counsel should attempt to minimize the filing of any exhibits under seal.

If a Party designates any documents as confidential that the opposing Party believes should not be treated as confidential, then the opposing Party shall so notify the Party making the "confidential" designation in writing. The written notice shall identify the information to which the objection is made and identify how the information will be distributed or disclosed under certain specified conditions. If the Parties cannot resolve the objection or the request to disseminate identified documents within ten (10) business days after the time the notification is received, the Party claiming confidentiality shall file

a motion seeking the Court's ruling as to the status of the documents at issue or the classification of confidentiality for said documents shall be deemed automatically withdrawn. The documents at issue shall be treated as Confidential and Proprietary Information until the end of the ten (10) business day after receipt of the notification; or, if a motion is filed, until otherwise ordered by the Court. The burden of proof resides with the party asserting confidentiality to prove that it deserves such treatment.

3. Confidential and Proprietary Information shall be treated as such by the Party receiving it and shall be used by such Party only for the prosecution or defense of this case. All documents and/or information with Confidential and Proprietary Information in them shall be deemed subject to this Order unless otherwise ordered by the Court. Except as agreed by the Parties or ordered by the Court, disclosure of such Confidential and Proprietary Information is limited to:

   a. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court as well as jurors;

   b. Persons with prior knowledge of the confidential documents or information;

   c. Counsel of record and other partners, associates, and legal/clerical assistants and/or staff of the Parties' respective firms that are assigned to or working on this case;

   d. The Parties, including officials, officers, directors, and managerial employees of Chipotle's;

   e. Any independent document reproduction services or document recording and retrieval services;

   f. Any expert witness retained or consulted by any Party, but only if such person needs such Confidential and Proprietary Information;

   g. Any other person from whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

   h. Any mediator agreed to by the Parties, but not appointed by the Court.

   i. Insurance carriers of Defendants and all agents, adjusters, officials, officers, and managerial employees thereof;

   j. Any witness and potential witnesses, provided counsel has a good faith belief the witness needs to review the Confidential and Proprietary Information (except that any such witness will not be given a copy of the confidential document) and only to the extent

reasonably necessary to determine: (i) whether the witness has knowledge relevant to this litigation; or (ii) whether that potential witness will be called to testify at trial, provided however that the witness has first read this Stipulated Confidentiality and Protective Order and agrees to abide by the terms herein; and

      k.     Any individual not listed herein, but agreed to by the Parties.

4.     Persons having knowledge of the Confidential and Proprietary Information by virtue of their participation in the conduct of this litigation shall use the same for the sole purpose of pursuing this litigation and shall not disclose such confidential documents, their contents, or any portion or summary thereof to any person or persons not involved in this case.

5.     **The termination of this case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential and Proprietary Information pursuant to this Protective Order.  Upon final disposition of this case, all Confidential and Proprietary Information produced pursuant to this Stipulated Confidentiality Agreement and Protective Order and all extracts, abstracts, charts, summaries, notes or copies made there from shall be returned or destroyed as communicated at the time by the producing Party (except excerpts or extracts incorporated into any privileged memorandum of a Party relating to this case). In lieu of returning or destroying said Confidential Information, counsel certifies, through his/her signature on this Order, that reasonably precautions will be taken to ensure against disclosure of the Confidential Information after the termination of this action (including appeals).**

6.     Counsel shall not unnecessarily disclose Confidential and Proprietary Information on the public record of this proceeding or in written arguments or memoranda submitted to the Court.  Counsel shall have the right to use any information contained in confidential documents, and/or any confidential documents, during the actual trial of this cause of action, as said counsel deems necessary.  By joining in this agreement, however, the Parties do not waive any right to object at trial to the authenticity or admissibility of any document or portion thereof, or the right to file a motion in limine regarding the use at trial of any document or portion thereof.

7.     This Order is subject to  modification by the Court upon application of either party

                s/Mark R. Abel
                United States Magistrate Judge